IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KENNETH N. NEU, | § |
| PETITIONER, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 4:08-CV-273-Y |
| NATHANIEL QUARTERMAN, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE, CORRECTIONAL INSTITUTIONS | § |
| DIVISION, | § |
| RESPONDENT. | § |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United

States District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.      NATURE OF THE CASE

This is a petition for writ of habeas corpus by a person in state custody.  28 U.S.C. § 2254.

B.      PARTIES

Petitioner Kenneth N. Neu, TDCJ-ID #655466, is confined by the Texas Department of

Criminal Justice in the Terrell Unit in Rosharon, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division.

C.     HISTORY

Neu is serving a thirty-five year sentence for the offense of indecency with a child pursuant
to a judgment entered May 14, 1993, in the 371st District Court of Tarrant County, Texas.  He was
released on mandatory supervision to a halfway house in November 2006, but the Board of Pardons
and Paroles revoked his release on April 27, 2007, after it was determined that he had threatened a
staff member at the halfway house.  (Parole Revocation R. 11).

Neu has filed two state applications for habeas relief challenging the revocation of mandatory
supervision, and the Texas Court of Criminal Appeals denied both applications without written
order.  *Ex parte Neu*, Application No. WR-68,382-01 (Tex. Crim. App. Oct. 10, 2007); *Ex parte
Neu*, Application No. WR-68,382-02 (Tex. Crim. App. Oct. 31, 2007).  Neu filed his federal petition
for writ of habeas corpus on April 22, 2008.

D.     ISSUES

Neu complains:

1.     He was denied his liberty interest in early release because the terms of his mandatory
       supervision were too restrictive;

2.     He was denied due process during the revocation proceedings ; and

3.     The State withheld exculpatory information about the motivations of the staff
       member who alleged that Neu had threatened her.

E.     RULE 5 STATEMENT AND EXHAUSTION

Quarterman asserts that Neu's complaints of procedural due process violations are only
partially exhausted, but does not seek dismissal of Neu's petition on this ground.  Quarterman
concedes that Neu sufficiently exhausted his remaining claims.

F.      LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim—
>           (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>           (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough—the standard is one of objective reasonableness. *Id.* In addition, state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).

G.      DISCUSSION

1.      Conditions of Mandatory Supervision

Neu contends that he was denied his liberty interest in release on mandatory supervision because the Board of Pardons and Paroles required him to reside at a halfway house as a condition of his release.  He asserts that the halfway house operated in the same manner as an institutional prison, thus he effectively remained under constraint and his release was nothing more than a transfer between two confinement facilities.  *Cf. Jackson v. Johnson*, 475 F.3d 261, 264 n.2 (5th Cir. 2007) (noting that Jackson's argument that state may not detain him in the halfway house was properly challenged through habeas petition, rather than § 1983 action).

Under Texas law, an inmate can become eligible for release before the completion of his sentence by parole or under a mandatory supervision release program.  *See Madison v. Parker,* 104 F.3d 765, 768 (5th Cir.1997).  The Texas mandatory supervision scheme, both the version in place prior to September 1, 1996, and the version effective after that date, creates a constitutional expectancy of early release for eligible inmates and gives rise to a liberty interest subject to due process protections.  *Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007).  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir.2000).  An inmate does not have a similar expectancy for parole, and accordingly, no liberty interest arises with respect to parole eligibility.  *See Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir.1995); *Creel v. Keene,* 928 F.2d 707, 711-12 (5th Cir.1991).

Respondent contends that Neu's complaints about unduly restrictive conditions at the halfway house is time-barred.  The AEDPA provides for a one-year statute of limitations period for federal habeas corpus relief filed by a prisoner in custody pursuant to a state court judgment:

     (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

     (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The finality of the conviction is not the triggering event as Neu challenges events subsequent to that time, not the conviction itself. *See id.* § 2244(d)(1)(A). There is also no allegation or indication in the record of a State-created impediment that prevented him from filing for relief at an earlier date, nor do his claims rely on newly recognized constitutional rights. *See id.* § 2244(d)(1)(B)-(C). Therefore, the statutory limitations period commenced upon the date that Neu could have discovered the factual predicate for his complaints had he exercised due diligence. *See id.* § 2244(d)(1)(D).

Neu was released on mandatory supervision on November 6, 2006, and instructed to promptly report to the halfway house. (Parole Revocation R. 3-4). Accordingly, he could have discovered the restrictive conditions of which he complains at or near the time he arrived at the halfway house. Absent the applicability of any tolling provision, his federal petition for writ of habeas corpus was due on or before November 6, 2007, but was filed April 22, 2008.

If a state prisoner files a timely state post-conviction application for habeas corpus review, the time taken to pursue that state remedy is not counted toward the one-year limitation period. 28 U.S.C. § 2244(d)(2). Neu filed two state applications for writ of habeas corpus, the first on August 27, 2007, and the second on October 2, 2007. Respondent notes that the applications were denied on October 10, 2007, and October 31, 2007, which extended the limitations period for Neu's federal petition to no later than January 10, 2008. Neu filed his federal petition more than three months after the time for doing so expired, and he has presented no grounds that would support equitable tolling of the limitations period. His complaint that he was effectively denied release on mandatory supervision because of the restrictions imposed on him by the halfway house is time-barred.

2.      Procedural Due Process

Neu contends that the Board of Pardons and Paroles revoked his early release without due process. A defendant in parole revocation proceedings is entitled to certain due process protections, albeit not the more extensive safeguards available in a traditional criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). This includes

>   (1) written notice of the alleged parole violations,
>   (2) disclosure of the evidence against him,
>   (3) an opportunity to be heard personally and to present evidence,
>   (4) the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation,
>   (5) a hearing before a neutral and detached body, and
>   (6) a written statement by the fact finders describing the evidence reviewed and the reasons for revoking parole.

*Id.* at 489, 92 S.Ct. at 2604 (emphasis added).

Neu complains that he was denied a preliminary hearing to determine whether there was probable cause or a reasonable basis to believe he had violated the terms of his release. The record does not indicate that Neu waived a preliminary hearing, and the Supreme Court contemplates that

both a preliminary and a final hearing will be held.  *See generally id.* at 485-88, 92 S.Ct. at 2602-04. But Neu did not present this complaint in either of his applications for state habeas relief.

A petition for writ of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies.  28 U.S.C. § 2254(b), (c).  A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement.  *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  The exhaustion requirement is not met if a petitioner presents new legal theories or new factual claims in his federal application.  *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008); *Whitehead v. Johnson*, 157 F.3d 384,387 (5th Cir. 1998).  Moreover, the general rule that a state court must explicitly apply a procedural bar to preclude federal review is not applicable to cases in which the petitioner failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims procedurally barred.  *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed. 2d 640 (1991).  *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.1995) (recognizing that Texas courts apply abuse-of-the-writ rules strictly and regularly).  The procedural bar may be excused if the petitioner  demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, but Neu cannot make such a showing. *See id.* at 750, 111 S.Ct. 2546; *Ries*, 522 F.3d at 523-24.

Moreover, Neu fails to establish that the omission of a preliminary hearing would justify habeas relief in his case.  *See* 28 U.S.C. § 2254(b)(2).  Habeas relief even for constitutional error is appropriate only if the error had a substantial and injurious effect or influence in determining the outcome of the proceedings.  *Fry v. Pliler*, 551 U.S. 112, 127 S.Ct. 2321, 168 L.Ed.2d 16 (2007); *Brecht v. Abrahamson*, 507 U.S. 619, 1113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).  The purpose of a

preliminary hearing is to determine whether there is probable cause to believe that the detained parolee committed acts that violate the conditions of his release. *Morrissey v. Brewer*, 408 U.S. 471, 485, 92 S.Ct. 2593, 33 L.Ed.2d 484. An inmate is not entitled to relief when the State has provided him with a full evidentiary hearing before the revocation of his parole, even though he was not given a preliminary hearing, because his incarceration is no longer related to the lack of a preliminary hearing. *See Collins v. Turner*, 599 F.2d 657, 658 (5th Cir.1979)(per curiam)(denying habeas relief for failure to conduct preliminary probation revocation hearing when final revocation hearing had been conducted). Neu was accused of threatening a staff member on March 28, 2007, and was given a prompt revocation hearing on April 13, 2007. He was found guilty by a preponderance of the evidence of violating the rules governing his release, and he does not argue or demonstrate that the outcome would have been different had an intervening preliminary hearing been held.[1]

Neu also alleges that he was not given access to witnesses and documentary evidence and was denied a reasonable opportunity to prepare and present a defense. The state court rejected Neu's complaint, implicitly finding that the facts did not support his allegations. The state court record reflects that Neu was notified of the charges against him at least ten days before the hearing and was advised of his rights to review the evidence against him and participate in a hearing. (Parole Revocation R. 17-18).

---

[1] Neu complains that the hearing officer deemed a preliminary hearing unnecessary as a matter of state law. State law does not require a preliminary hearing if the releasee is charged only with an administrative or technical violation. *See* TEXAS GOV'T CODE ANN. § 508.2811(2)(A) (Vernon 2004). The federal court does not need to decide if state law has carved out a proper exception to the due process requirements of *Morrissey v. Brewer* because the error, if any, was harmless in Neu's case. Neu also contends that he was denied an internal disciplinary hearing at the halfway-house, but this appears to be a matter of state law at best, which presents no basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).

Neu alleges that he wanted to introduce records to prove that Mary Garcia, the staff member who accused him of the threatening behavior,[2] was motivated to lie, but the halfway house destroyed his personal property after he was removed from the premises.  He asserts that Garcia was afraid that Neu was going to sue the halfway house or cause trouble for her because she had punished Neu for an earlier infraction of house rules by assigning him to physical labor even though she knew that he had chronic back problems.  Regardless of the destruction of his personal property, Neu has not provided any evidence that he asked to review any documents, that he requested that records of his previous disciplinary history with Garcia be submitted for the hearing officer's consideration, or that he asked for any witnesses at his revocation hearing that were not summoned. Neu explains that he did not ask to review any records maintained by the halfway house because he feared that the staff would have destroyed the records had he asked to see them, but his unfounded speculation is not persuasive. *See West v. Johnson*,  92 F.3d 1385, 1399 (5th Cir. 1996)(declining to order evidentiary hearing based on wholly conclusory allegations of prosecutor misconduct); *Baldwin v. Blackburn*, 653 F.2d 942, 947 (5th Cir. Unit A 1981)(holding that court will not blindly accept speculative and inconcrete claims as grounds for habeas relief).   Neu also has not alleged or shown that any evidence was introduced during the hearing to which he was not previously given access. Neu has not rebutted the state court's underlying findings of fact or demonstrated that the state court acted

---

[2]  Neu denied threatening anyone and described his behavior as "guarded" because Garcia was demanding that he sign an  employment form that he thought would require him to turn over some of his earnings to the halfway house as a condition of his residency.  (Parole Revocation R. 15).  Neu conceded that he uttered the phrase "one of these days," while he was in Garcia's presence,  but asserted that he was referring to the day he would be released from the halfway house, while Garcia perceived the language as threatening.  (Pet'r Br. 30-32, Ex. J).   Credibility determinations are the province of the hearing officer.   *See Hackett v. United States Parole Comm'n*, 851 F.2d 127, 131 (6th Cir.1987)(courts lack power to overturn credibility determination made during parole revocation hearing). Neu asked for a polygraph examination to prove he was telling the truth, but has not demonstrated that the denial of his request compromised any due process protections to which he was entitled or denied him a fair hearing.

unreasonably in rejecting his complaint that his ability to prepare for the revocation hearing was impeded.

Neu also complains that he was denied the assistance of a legal representative.  The right to counsel in parole revocation proceedings is evaluated on a case-by-case basis and in conformity with the dictates of *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). There is no absolute right to counsel, but where the effectiveness of the rights guaranteed by *Morrissey* and due process depend on the skills of a trained advocate, the state must provide counsel for indigent parolees. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656 (1973). Presumptively, counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present. *Id.* at 790, 93 S.Ct. at 1764. In passing on a request for the appointment of counsel, the responsible agency should consider whether the probationer appears to be capable of speaking effectively for himself, and where a request for counsel is refused, the grounds for refusal should be stated succinctly in the record. *Id*. at 790-91, 93 S.Ct. at 1764.

The hearing officer who denied Neu's request for legal representation explained that the issues were not complex, Neu had no history of mental impairment and appeared articulate and capable of understanding the proceedings, and Neu's parole officer had reported that Neu had an IQ score of 93. (Parol Revocation R. 14).  Neu has not demonstrated that the hearing officer's reasons

are flawed or disingenuous, and he has not shown that the failure to assign him a legal representative violated the procedural due process guarantees as established by the Supreme Court.

Neu also complains of the Board's decision to impose the severe sanction of revocation, rather than a lesser sanction, because his infraction was relatively minor and his disciplinary and performance history was otherwise exemplary. The fairness guaranteed by the Due Process Clause does not require a reviewing court to second-guess the factfinder's discretionary decision as to the appropriate sanction once a violation has been found. *See Black v. Romano*, 471 U.S. 606, 613, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636 (1985). Neu cannot establish a due process violation simply because the Board of Pardons and Paroles chose to impose the maximum punishment following a hearing and determination that he had committed the violation as alleged.

Neu has not demonstrated that the state court's failure to grant relief is a decision that is contrary to or an unreasonable application of clearly established federal law. No relief is warranted on Neu's claim that he was not afforded all procedural due process to which he was entitled.

3.    Exculpatory Evidence

Neu contends that the Board withheld exculpatory information that he could have used to impeach his accuser, Mary Garcia. *See generally Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Neu contends that Garcia, without authorization, had previously ordered him to perform thirty days of physical labor for a violation of halfway-house rules and that she falsely claimed that he threatened her during their subsequent meeting because she wanted to avoid civil liability for improperly punishing him.

As a threshold matter, Neu has not pointed the court to clearly established federal law that extends the State's duty to disclose exculpatory information in the context of a criminal prosecution

to revocation hearings or the circumstances under which such a duty might arise.  *See United States v. Neal*, 512 F.3d 427, 436 -437 (7th Cir. 2008)(declining to extend right to exculpatory material to proceeding to revoke supervised release).  *See also United States v. Combs*, 267 F.3d 1167, 1175 (10th Cir.2001)(recognizing tension in case law regarding reach of *Brady*).  *But see United States v. Dixon*, 187 F.Supp.2d 601, 604-605 (S.D. W. Va. 2002)(recognizing modified duty to disclose favorable evidence in hearing to revoke supervised release if  requested by releasee).  But even if he has a constitutional right to exculpatory evidence generally, Neu's claim is meritless.

Although Neu claims that documents exist to support his theory or were destroyed to prevent him from discovering this evidence, the state court implicitly found to the contrary in denying his claim.  Neu has not produced clear and convincing evidence that any evidence, much less exculpatory evidence, was suppressed.  Neu testified at his revocation hearing, and despite firsthand knowledge of his previous experiences with Garcia and her alleged animosity towards him, he provided none of this information to the hearing officer when given the opportunity to do so. (Parole Revocation R. 15).  Evidence is not "suppressed" if the defendant  knew or should have known of the essential facts permitting him to take advantage of any exculpatory evidence.  *West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996).  Respondent also notes that the Board's decision to revoke Neu's mandatory supervision would not preclude Neu from complaining about inappropriate discipline administered by the staff at the halfway house.  Neu offers nothing more than self-serving and conclusory allegations about his accuser's credibility that are insufficient to support a petition for a writ of habeas corpus. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir.1983).

Neu has not shown that the state court has acted contrary to or unreasonably applied clearly established federal law in denying his claim.

RECOMMENDATION

The petition for writ of habeas corpus should be denied.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until April 29, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until April 29, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further ORDERED that if objections are filed and the

-13-

opposing party chooses to file a response, the response shall be filed within seven (7) days of the

filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED APRIL 8, 2008.


    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE